***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted April 26, conviction on Count 2 reversed, otherwise
affirmed October 18, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CANDY LYNNE MAY McDONALD,
*Defendant-Appellant.*

Yamhill County Circuit Court
20CR13586; A176652

John L. Collins, Judge.

Sarah M. De La Cruz, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Robert C. Hansler argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Conviction on Count 2 reversed; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for attempted escape in the third degree. ORS 161.405; ORS 162.145. On appeal, defendant contends that the trial court erroneously denied her motion for judgment of acquittal (MJOA) because the state failed to provide sufficient evidence to prove that defendant took a "substantial step" towards the commission of the crime of escape, as required by ORS 161.405(1). Applying the "substantial step" standard articulated in *State v. O'Hare*, 309 Or App 357, 481 P3d 953 (2021), we reverse the conviction for attempted escape in the third degree.[1]

We review the trial court's denial of an MJOA for legal error, viewing all facts and reasonable inferences in the light most favorable to the state to determine whether there is sufficient evidence from which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019). We present the facts in a manner consistent with that standard.

Police officers arrested defendant on a sidewalk. Defendant peacefully and voluntarily submitted to the arrest, allowing officers to handcuff her and eventually direct her to the back of a patrol car. When officers instructed defendant to get in the back of the patrol car, defendant sat down in the back seat but did not place her legs in the patrol car. Four officers stood in and around the rear doorway of the patrol car, opposite defendant. The officers instructed defendant to "swing" her legs into the patrol car. Defendant refused, repeatedly insisting that the arrest was unlawful and that she was "not going" with the officers. Throughout this time period, one of the officers had his hand placed on top of defendant's shoulder. Defendant then made an overt forward motion to stand up, but officers pushed her back down to the seat to prevent her from completing her motion. Although defendant tried to push out of the patrol car while attempting to stand, defendant never stood fully erect and ultimately remained seated until agreeing to

---

[1] Defendant was also charged with resisting arrest, but the jury acquitted defendant of that charge.

being transported in an ambulance instead of the patrol car. Defendant's forward motion only lasted a few seconds. As the officers tried to reason with defendant, they repeatedly warned her that she was risking an additional charge of resisting arrest due to her conduct.[2]

Defendant argues that her brief attempt to stand up and push out of the patrol car was legally insufficient to constitute a "substantial step" towards the crime of escape. We agree.

A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a "substantial step" toward commission of the crime. ORS 161.405. A "substantial step" is an act that is "strongly corroborative of the actor's criminal purpose such that it (1) advances the criminal purpose charged and (2) provides some verification of the existence of that purpose." *O'Hare*, 309 Or App at 363 (internal quotation marks omitted). Further, "[a] person commits the crime of escape in the third degree if the person escapes from custody." ORS 162.145(1). Taken together, in order to prove attempted escape in the third degree, the state had to demonstrate that defendant's attempt to stand up and push out of the patrol car provided some verification of her criminal purpose to escape custody. *O'Hare*, 309 Or App at 363.

Defendant argues that her conduct was legally insufficient to constitute a "substantial step" because the trier of fact was required to make two impermissible inferences before ultimately finding that she acted with criminal purpose to escape custody. Defendant first argues that it is impermissibly speculative to infer from the facts in the record that she attempted to stand up and push out of the patrol car at all. She also argues under the "substantial step test" that, even if she attempted to stand up and push out of the patrol car, her conduct does not provide verification of a criminal purpose to escape custody. We address those arguments in the order they were made.

---

[2] Resisting arrest requires, among other things, that a defendant intentionally resist a person known to be a peace officer in making an arrest. ORS 162.315. As noted, defendant was charged with resisting arrest but was acquitted of that charge.

Defendant claims that she was "merely trying to make herself comfortable," and that "it is common for people *** to shift in their seats and briefly lift their buttocks when doing so." Consequently, defendant argues that it is speculative to interpret her actions as an attempt to stand up and push out of the patrol car, insisting "there is no way to tell from the record whether defendant merely adjusted her position in the police car or tried to stand."

In establishing an element of a crime, "the state may rely on circumstantial evidence and reasonable inferences flowing from that evidence." *State v. Rogers*, 301 Or App 393, 398, 457 P3d 363 (2019) (internal quotation marks omitted). When the evidence supports multiple reasonable inferences, the jury must decide which inference to draw. *Id.* Defendant's argument that there is no evidence in the record to resolve competing inferences is thus inapposite. Indeed, the issue is "not whether the inference *necessarily* flows from the proven facts," but "whether the factfinder reasonably could infer that a particular fact flows from other proven facts." *Hedgpeth*, 365 Or at 733 (emphasis in original).

Bodycam footage includes sounds of pushing against officers as defendant makes an overt forward motion through the threshold of the rear doorway of the patrol car. Shortly before defendant makes her forward motion, she repeatedly says that she is "not going" with the officers. Defendant's forward motion permits the reasonable inference that she was attempting to stand. Defendant's repeated statements that she is "not going" with officers and the broader context that the altercation happened in the doorway of a patrol car permit the reasonable inference that defendant was attempting to get out of the patrol car. Adopting those reasonable inferences, we must now decide whether defendant's actions were legally sufficient to constitute a "substantial step" towards escaping custody.

Proving attempt liability necessarily requires the factfinder to make an inference about the actor's criminal purpose based on the actor's conduct. *State v. Kyger*, 369 Or 363, 375, 506 P3d 376, *adh'd to on recons*, 369 Or 604, 509 P3d 112 (2022). When we review convictions for legal error, we have an "obligation to distinguish between inferences

that can be reasonably drawn from the evidence and inferences that are mere speculation." *Hedgpeth*, 365 Or at 732. As noted, when a conviction involves attempt liability, such as here, we are also obligated to apply the "substantial step" test: the person's conduct must be "strongly corroborative of the actor's criminal purpose such that it (1) advances the criminal purpose charged and (2) provides some verification of the existence of that purpose." *O'Hare*, 309 Or App at 363 (internal quotation marks omitted); *see id.* at 366, (applying both inferential standards when reviewing an MJOA for attempted transfer of methamphetamine). Moreover, the "substantial step" test requires that the factfinder be able to infer the defendant's criminal purpose "beyond a reasonable doubt." *State v. Priester*, 325 Or App 574, 578-79, 530 P3d 118 (2023). The salient issue is whether defendant's conduct in attempting to stand up outside of the patrol car is strongly corroborative of defendant's criminal purpose to escape custody such that it advanced the purpose and provides some verification of the existence of that purpose. We conclude that the evidence is legally insufficient to permit that conclusion.

A person is guilty of third-degree escape "when a person runs away from a police officer who has lawfully asserted authority to control a person's freedom in the course of carrying out an arrest[.]" *State v. Davis*, 360 Or 201, 207, 377 P3d 583 (2016). *See also* ORS 162.135(5) (defining escape as "the unlawful departure of a person from custody"). Even viewing the evidence in the light most favorable to the state, as we must, neither the fact that defendant repeatedly stated that she was "not going" with officers, nor that she briefly attempted to stand up outside of the patrol car strongly corroborate defendant's criminal purpose to escape from the officers' custody. Defendant peacefully allowed officers to handcuff her, and voluntarily took a seated position in the doorway of the patrol car. When defendant learned the nature of the charges underlying her arrest, she became agitated and stated that the arrest was unlawful. Defendant started to stand up out of the patrol car. Defendant's attempt to stand up and push out of the vehicle lasted seconds, as officers almost instantly blocked her exit from the patrol car. When officers gave defendant the option to be transported

in an ambulance instead, defendant voluntarily and peace-fully entered the ambulance.

The evidence from this encounter is simply insuf-ficient to strongly corroborate that, beyond a reasonable doubt, defendant was attempting to escape custody. Indeed, defendant did not take an actual step—let alone a substan-tial one—towards escaping custody.

Conviction on Count 2 reversed; otherwise affirmed.